# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 00-1318/3598

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | |
| v. | * | Appeal from the United States |
| | * | District Court for the Southern |
| Clinton Earl John Ross, II, | * | District of Iowa. |
| Also Known as | * | |
| Matthew James McCallister, | * | |
| Appellant. | * | |

_____

Submitted: March 13, 2001

Filed: August 29, 2001

_____

Before MORRIS SHEPPARD ARNOLD and HEANEY, Circuit Judges, and
TUNHEIM,[1] District Judge.

_____

MORRIS SHEPPARD ARNOLD, Circuit Judge.

Clinton Ross, II, appeals from his convictions on three counts of bank robbery,
three counts of carrying and using a firearm during a crime of violence, one count of
possessing an unregistered firearm, and one count of being a felon in possession of a
firearm. *See*, respectively, 18 U.S.C. § 2113(a), § 2113(d); 18 U.S.C. § 924(c)(1)(A),

_____

[1]The Honorable John R. Tunheim, United States District Judge for the District
of Minnesota, sitting by designation.

§ 924(c)(1)(A)(ii), § 924(c)(1)(B)(i); 26 U.S.C. § 5841, § 5861(d); and 18 U.S.C. § 922(g) (1). He also appeals from the trial court's denial of his motion for a new trial based on juror misconduct.

We affirm the judgment of the trial court.[2]

I.

Mr. Ross asserts first that the trial court erred in denying his motion to suppress evidence seized from his car, his business, his home, and a hotel room. The government, however, maintains that the officer who had stopped him for a traffic violation had probable cause to search a duffle bag in his car, and that the items that the officer seized from that bag (a shotgun, a ski mask, two coats, gloves, and a pair of boots), along with other information that law enforcement agents had gathered, gave authorities a sufficient factual basis for obtaining search warrants to search the business, home, and hotel room. Mr. Ross does not dispute that there was probable cause to issue the warrants, but he contends that the officer who stopped him did not have probable cause to search the duffle bag and therefore that all of the evidence that was seized should have been suppressed.

The proof at the suppression hearing tended to show that the officer who stopped Mr. Ross's car asked to take "a quick look through" the car, and that Mr. Ross replied, "Go ahead." While Mr. Ross did grow impatient, asked how much longer the search would take, and indicated that he needed to be on his way, a few minutes after the traffic stop began a drug dog ("Derry") indicated the presence of drugs in the back of the car. The district court held that the officer had not exceeded the consent that Mr. Ross had given before Derry alerted on the car, and that Derry's actions gave the officer probable cause to search the car and its contents.

_____

[2]The Honorable Charles R. Wolle, United States District Judge for the Southern District of Iowa.

We detect no error of law or fact in this conclusion. Derry quite clearly arrived before Mr. Ross's consent to a "quick look through" expired, and his expressions of impatience did not amount to an " 'unequivocal act or statement of withdrawal' " indicating an intent to revoke his consent, *United States v. Martel-Martines*, 988 F.2d 855, 858 (8th Cir. 1993), quoting *United States v. Alfaro*, 935 F.2d 64, 67 (5th Cir. 1991); *see also United States v. Layton*, 161 F.3d 1168, 1171 (8th Cir. 1998). The detention and search were therefore certainly valid up to the point of Derry's arrival, and we have held that a trained dog's indication that drugs were present in a car gives an officer probable cause to search it. *See United States v. Bloomfield*, 40 F.3d 910, 919 (8th Cir. 1994), *cert. denied*, 514 U.S. 1113 (1995).

Although Mr. Ross objects that Derry was not reliable because he had not been certified since 1997, we conclude that the record contained more than sufficient evidence to support a finding of reliability. For instance, as Mr. Ross himself noted in his brief, there was testimony that after Derry had returned to service after a brief hiatus, he had indicated the presence of drugs six times and on all six occasions drugs had been found.

The district court's conclusion that the search was valid finds additional support in the fact that before Derry arrived on the scene the officer who effected the search had already observed drug paraphernalia in the car and that Mr. Ross resembled the composite sketch of a bank robber. The officer testified, moreover, and the district court found as a fact, that his suspicions were aroused when Mr. Ross had given him inconsistent stories about his destination. In the circumstances, it is plain to us that the officer had probable cause to believe that the car contained evidence that a crime was being committed.

Mr. Ross also maintains that the trial court erred when it admitted expert testimony concerning footprints and tire imprints found in the snow at the scene of one of the bank robberies with which he was charged. An FBI forensic examiner

specializing in this kind of evidence offered her opinion that the footprints matched the boots seized from Mr. Ross's car and that the tire imprints bore many similarities to the tire treads of a vehicle that Mr. Ross had borrowed at the time of one of the bank robberies. The trial court concluded, after a hearing *in limine*, that the evidence met the requirements of Fed. R. Evid. 702 and of *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 592-95 (1993), and thus was admissible at trial.

Our examination of the record leads us to conclude that there was no error here. It is familiar law that persons with specialized knowledge may offer their expert testimony if it would be helpful to the jury's understanding of the case. *See, e.g.*, *United States v. Withorn*, 204 F.3d 790, 796 (8th Cir. 2000). The instant case is on all fours with *United States v. Rose*, 731 F.2d 1337, 1345-46 (8th Cir. 1984), *cert. denied*, 469 U.S. 931 (1984), where we upheld expert testimony with respect to footprints. Mr. Ross's objection to the admission of this evidence was wholly without merit and the trial court did not err in overruling the objection.

Mr. Ross contends, finally, that the evidence presented at his trial was insufficient to support his conviction, but the record persuades us otherwise. A distinctive *modus operandi* ran through all of the robberies like a thread, victims identified some of the items used in the robberies, a forensic examiner tied Mr. Ross to one of the crime scenes, and the government offered evidence that Mr. Ross was in financial straits and had discussed the possibility of robbing banks with an acquaintance. Items seized from Mr. Ross's car, moreover, included the exact number of two-dollar bills taken in one of the robberies, straining the bounds of coincidence. More damaging still was testimony from two witnesses that Mr. Ross admitted to them that he had committed the crimes of which he was convicted. This evidence alone (there was more) was sufficient to convict Mr. Ross, because a reasonable mind could accept it as proof beyond a reasonable doubt of his guilt. *See, e.g.*, *United States v. Moore*, 212 F.3d 441, 445 (8th Cir. 2000). In fact, we could characterize the case against Mr. Ross as overwhelming.

## II.

Almost a year after Mr. Ross was convicted, he moved for a new trial because one of the jurors in his trial had failed to disclose on her questionnaire and at *voir dire* the fact that she had been accused of felonies and convicted of a number of misdemeanors. At the hearing on the motion, Mr. Ross's counsel testified that if the juror had answered truthfully, counsel would have asked further questions of her to determine whether he had grounds for a challenge for cause. The trial court denied the motion.

We detect no error here. The trial court correctly applied the principles outlined in *McDonough Power Equipment, Inc. v. Greenwood*, 464 U.S. 548, 556 (1984), and concluded that while the juror had not answered the questions accurately, her incorrect answers were due to an honest mistake. This holding is not clearly erroneous, especially since the credibility of a witness is a matter for the fact finder. *See*, *e.g.*, *United States v. Nation*, 243 F.3d 467, 471 (8th Cir. 2001).

The trial court also held that even if the information that the juror withheld from the defendant had been available to him, there would have been no basis for a challenge for cause. We agree with this holding as well. Mr. Ross's hypothesis that the juror would have been biased in favor of the government because in the past she had had felony charges against her reduced to misdemeanors is wholly speculative. Whatever inference of pro-government inclination such a fact creates is insufficient to entitle Mr. Ross to a challenge for cause. If anything, it seems to us that the juror's previous brushes with the law would create a stronger opposite inference -- one that she might well be biased in favor of defendants in general. In any event, the trial court correctly rejected Mr. Ross's motion for a new trial.

## III.

For the foregoing reasons, we affirm the judgment of the trial court in all respects.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.