NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

JAN 31 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 22-50294 |
| Plaintiff-Appellee, | D.C. No. 8:21-cr-00043-JVS-1 |
| v. | |
| NGUYEN VAN HO, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
James V. Selna, District Judge, Presiding

Argued and Submitted September 12, 2023
Pasadena, California

Before: M. SMITH, FRIEDLAND, and MILLER, Circuit Judges.
Dissent by Judge M. SMITH.

Defendant Nguyen Van Ho ("Ho") appeals the district court's denial of his

motion to suppress drug evidence found during a police search of a car he had been

driving. The court concluded that Ho did not withdraw his consent to a search of

the car when he asked the officer three times, "Can I consent not to search the

vehicle?" The district court clearly erred in finding that Ho had not withdrawn his

---

* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

consent to the search of the car, so we reverse.

Our cases are not consistent on the standard of review for the question whether a particular statement or type of conduct constitutes withdrawal of consent. *Compare United States v. Shaibu*, 920 F.2d 1423, 1425 (9th Cir. 1990) (explaining that although "a district court's finding that a person consented to a search is generally treated as a factual determination, reversible only if clearly erroneous[,] . . . [w]hen we are determining whether as a general rule certain types of actions give rise to an inference of consent, de novo review is appropriate"), *and United States v. Rosi*, 27 F.3d 409, 411 n.1 (9th Cir. 1994) (explaining that our court reviews de novo the question whether a person consented in "cases involv[ing] conduct that call[s] for the formulation of a general rule that would be applicable to a wide class of cases"), *with United States v. Vongxay*, 594 F.3d 1111, 1114, 1119-20 (9th Cir. 2010) (reviewing for clear error whether a person consented to a search when he placed his hands on his head in response to an officer's request to search), *and United States v. Russell*, 664 F.3d 1279, 1280 n.1 (9th Cir. 2012) (holding that "the determination whether a search was within the scope of consent" is "reviewed for clear error").[1]  We need not decide the standard

---

[1] All of the facts in Ho's case are undisputed and are captured on video.  To the extent that this case therefore presents the issue whether an utterance phrased as a question can constitute an unequivocal withdrawal of consent, the de novo review rule in *Shaibu* could apply.

of review because we hold that the decision that Ho did not withdraw his consent to the vehicle search was erroneous under either standard.

Consent to a search must be "unequivocal" and "specific." *United States v. Taylor*, 60 F.4th 1233, 1243 (9th Cir. 2023) (quoting *United States v. Basher*, 629 F.3d 1161, 1167-68 (9th Cir. 2011)). We have never previously decided whether the standard for withdrawal of consent is the same, or whether such a withdrawal may be accomplished with some lesser degree of clarity. The parties here both assume that the standard for withdrawal of consent is the same as the standard for giving it. We also need not decide whether the level of clarity needed to withdraw consent is as high as that needed to give consent because Ho's withdrawal meets the unequivocal and specific standard.

The unequivocal and specific standard does not require a person to use exact language to give or withdraw consent. We have held that a defendant unequivocally and specifically gave consent when he said, "It don't matter, I just got it, I just got it, it don't matter to me," *id.* at 1238, 1244, and that another defendant gave unequivocal and specific consent when he simply nodded his head, *Basher*, 629 F.3d at 1168. To withdraw consent, however, a person may not simply express reluctance or impatience. *See United States v. Brown*, 884 F.2d 1309, 1312 (9th Cir. 1989); *United States v. Ross*, 263 F.3d 844, 846 (8th Cir. 2001).

Ho's statement was unequivocal because it was a direct request to withdraw his consent. Although Ho's "Can I consent not to search the vehicle?" phrasing may have been awkward, he was not required to use precise language or particular magic words. His phrasing was no less clear than saying, "It don't matter, I just got it, I just got it, it don't matter to me." *Taylor*, 60 F.4th at 1238. Ho was not simply alluding to being impatient. *See Ross*, 263 F.3d at 846. Ho's statement was sufficiently specific because it clearly referred to the search of the car. *See Basher*, 629 F.3d at 1168 (noting that a head nod was sufficiently specific because it "clearly defin[ed] who would enter the tent (his son) and the scope of the activity (bringing the gun outside)").

Ho's withdrawal was not made equivocal simply because it was phrased as a question. In ordinary conversation, people frequently make requests by asking "can I [blank]?" *See Tobias v. Arteaga*, 996 F.3d 571, 580 (9th Cir. 2021) ("In modern usage, 'Can I' and 'Could I' are both well understood ways of asking a direct question."). If a person ordering at a restaurant asks the waiter, "Can I cancel the fries?" and the waiter says, "Yes, I'll talk to the chef," the diner would not expect to receive the fries. It was therefore clear error to interpret Ho's "can I" statement as something other than a request to withdraw consent. *See United States v. Gainza*, 982 F.3d 762, 765 (9th Cir. 2020) (explaining that clear error exists when we are "left with a 'definite and firm conviction that a mistake has

4

been committed'" (quoting *United States v. Stargell*, 738 F.3d 1018, 1024 (9th Cir. 2013))).

The Government argues, however, that there is reason to believe that Ho was not making a request but instead was merely asking a clarifying question. Because Ho had borrowed the car from his friend, the Government argues that someone could have perceived Ho as simply seeking to clarify whether he had the right to withdraw consent to the search of his friend's car. But Ho was the one who gave consent to the search of car, and there is no reason to think that he would have understood that he had the authority to give consent to a search of his friend's car but not understood that he had the authority to withdraw that consent.

The Government also argues that Ho should have done more to vindicate his right to withdraw his consent, noting that Ho did not follow up after asking if he could withdraw consent or do anything else to stop the search. But this argument does not reflect what actually occurred after Ho requested if he could "consent not to search the vehicle." After Ho made his request, the officer responded, "Yeah, we gotta talk to this guy right here." He was presumably referring to the officer who was conducting a records check in his squad car, who would later conduct the search. The search did not occur for almost five minutes. At that point, from where Ho was sitting in the shade between two cars, he would not have been able to see that a search had begun. From his vantage point, Ho would have thought

5

that he and the officer were simply waiting for the other officer to return from his squad car so that they could communicate his withdrawal of consent to that officer. Ho therefore would have had no reason to protest in that moment.

For the foregoing reasons, we **REVERSE**.

*United States v. Ho*, No. 22-50294

M. SMITH, Circuit Judge, dissenting:

Because Ho's question to the officer "Can I consent not to search the vehicle?" was not an "unequivocal" withdrawal of consent, *see United States v. Taylor*, 60 F.4th 1233, 1243 (9th Cir. 2023); *Unequivocal*, Black's Law Dictionary (11th ed. 2019) ("Unambiguous; clear; free from uncertainty."), I respectfully dissent.

The standard of review applicable to withdrawals of consent to search is not settled in this circuit. I would review the district court's conclusion for clear error based on how we review questions of initial consent to search. *See United States v. Shaibu*, 920 F.2d 1423, 1425 (9th Cir. 1990) ("A district court's finding that a person consented to a search is generally treated as a factual determination, reversible only if clearly erroneous."); *see also United States v. Brown*, 884 F.2d 1309, 1312 (9th Cir. 1989) (applying without discussing clear error standard to district court's conclusion on whether defendant's actions were "enough to indicate he had withdrawn his unambiguous statement of consent").[1] Other circuits have adopted this approach. *See, e.g.*, *United States v. $304,980.00 in U.S. Currency*,

---

[1] The *Shaibu* exception would not apply. *See* 920 F.2d at 1425 ("There is at least one exception to this principle [of clear error review], however. When we are determining whether as a general rule certain types of actions give rise to an inference of consent, de novo review is appropriate."). The issue here concerns Ho's specific statement. There is no general rule to divine.

732 F.3d 812, 820 (7th Cir. 2013) ("Like the question whether consent was given at all, the question whether the suspect subsequently withdrew or limited the scope of his consent is a question of fact that we review for clear error."); *United States v. Gray*, 369 F.3d 1024, 1026 (8th Cir. 2004) ("The district court's finding that [defendant] did not make a specific request to leave is not clearly erroneous. At most, [defendant's] first conversation with [the officer] amounted to an expression of impatience, which is not sufficient to terminate consent."). However, the standard of review is not dispositive here. I would affirm the district court's denial of Ho's motion to suppress under either de novo or clear error review.

What my colleagues in the majority gloss over as "awkward" phrasing is precisely what made Ho's question unclear. The question was illogical and, as a result, subject to more than one reasonable interpretation. For example, one could understand Ho to be asking whether he had the right to withhold consent to search initially, to be clarifying whether he had the right to later withdraw consent or, as the majority understands him, to be withdrawing consent. It is not important which, if any, of these interpretations is correct. It is enough that Ho's statement was confusing and not unambiguous. *Cf. United States v. Younger*, 398 F.3d 1179, 1187–88 (9th Cir. 2005) (holding the question "excuse me, if I am right, I can have a lawyer present through all this, right?" to be ambiguous and therefore not sufficient to require officers to stop questioning).

The majority suggests that, in ordinary conversation, people make requests by asking "can I [blank]?" It was thus "clear error to interpret Ho's 'can I' statement as something other than a request to withdraw consent." Respectfully, the majority relies on a false analogy. Ho did not ask the logical equivalent of "Can I cancel the fries?"—i.e., "Can I withdraw my consent?" That case would be fairly straightforward. Instead he asked, "Can I consent not to search the vehicle?", or, in restaurant-terms, "Can I agree not to order the fries?" When properly drawn, the analogy supports the same conclusion as above: Ho's statement was difficult to understand and not unambiguous. Any waiter asked "Can I agree not to order the fries?" would be puzzled by the request.

The district court did not err in finding that Ho had not unequivocally withdrawn his consent to the search of the car. For this reason, I respectfully dissent.